UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**GLEN HOPE INC., ET AL.**                                    **CASE NO.  6:22-CV-06190**

**VERSUS**                                                              **JUDGE ROBERT R. SUMMERHAYS**

**CHEVRON USA INC., ET AL.**                          **MAGISTRATE JUDGE WHITEHURST**

## RULING ON OBJECTIONS

This matter was referred to United States Magistrate Judge Carol B. Whitehurst for report and recommendation. After an independent review of the record, and after consideration of objections filed, this Court concludes that the Magistrate Judge's report and recommendation is correct and adopts the findings and conclusions therein as its own. Nevertheless, the Court supplements the report with the following:

In April of 1965, Tidewater entered into a surface lease with Theodore Daigle, whereby Daigle leased to Tidewater the Daigle SWD well and one acre surrounding that well "to be used by Lessee for the disposal of salt water produced in operations of Lessee or others in the vicinity of said tract."[1] The lease provided that "Lessee agrees to pay for all damages caused through the negligence or unreasonableness of Lessee in conducting its operations hereunder."[2] The following month, Tidewater assigned and transferred a 20.4433% undivided interest in the surface lease to ARCO.[3] This 1965 Salt Water Disposal Agreement forms, in part, the basis for Plaintiffs' contractual claims against ARCO.[4] Accordingly, whether or not Plaintiffs are third party

---

[1] ECF No. 1-4 at 111; *see also* ECF No. 1-3 at 5.
[2] ECF No. 1-4 at 113; ECF No. 1-3 at 5.
[3] ECF No. 22-1 at 15. Tidewater additionally assigned a 40.129% interest in the surface lease to Gulf Oil Corporation, 10.3437% to General American Oil Company of Texas, and 8.7568% to Amerada Petroleum Corporation. *Id.*
[4] ECF No. 1-3 at 22, ¶ 122; *id.* at 7, ¶ 23 (alleging Defendants disposal of oilfield wastes in unlined earthen pits resulted "in seepage of the waste contents causing contamination of the surface and subsurface").

beneficiaries to the 1953 Operating Agreement (*i.e.*, the basis of Defendants' objection) is irrelevant. As the removing Defendants have failed to demonstrate that Plaintiffs will be unable to establish a cause of action for breach of the surface lease against ARCO in state court, they have failed to demonstrate that ARCO was improperly joined in this suit.[5]

For these reasons, Defendants' Objections to the report and recommendation are OVERRULED, and the Court will enter a judgment remanding this matter to the 15th Judicial District Court for the State of Louisiana.

THUS DONE in Chambers on this 24th day of May, 2023.

    ROBERT R. SUMMERHAYS
    UNITED STATES DISTRICT COURT

---

[5] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).